IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.                                                                                     NO. 4:23-CV-170-DMB-DAS

JOHN MATTHEWS                                                                          DEFENDANT

**ORDER**

On August 31, 2023, the United States of America filed a complaint against John Matthews in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon [Matthews'] receipt of Paycheck Protection Program [('PPP')] funds to which he was not entitled." Doc. #1 at PageID 1. The complaint alleges that Matthews, through misrepresentations, received PPP loan proceeds of $20,832.00 (for which the Small Business Administration paid a $2,500.00 processing fee to the financial institution involved) and that, based on false statements, the financial institution involved was "reimbursed by the SBA." *Id*. at PageID 6, 7.

On December 18, 2023, a "Joint Motion for Entry of Consent Judgment" was filed in which the parties represent that they "have agreed to resolve the [this] litigation" and "to the entry of a consent judgment on the terms provided in the [proposed consent judgment]."[1] Doc. #6 at PageID 19. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Matthews who appears pro se. *Id*.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination

---

[1] The joint motion references an attached exhibit, *see* Doc. #6 at PageID 19, but no exhibit is attached. Attaching the proposed consent judgment to the joint motion would violate Local Rule 7(b)(2)(F).

> based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Matthews to pay $23,837.58 plus interest and a $ 402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [6] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 27th day of December, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**